UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY A MATTEI.,

        Plaintiff,

    v.

FCA US, LLC,

        Defendant.

Case No. 24-cv-09273-SI

**FINAL PRETRIAL SCHEDULING ORDER**

On January 20, 2026, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 2, 2026. All parties were represented by counsel. The following matters were resolved:

**1.**     **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.**     **Jury questionnaires and voir dire:** The jury office will provide the Court and counsel with copies of the completed juror questionnaires on January 28, 2026. The parties shall meet and confer and inform the Court no later than January 30, 2026 at 12:00 noon of any agreed-upon excusals for cause. Prior to jury selection, the Court will inform the jury office of any pre-excused jurors.

Jury selection will be held on February 2, 2026 at 9:00 a.m. The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel.

United States District Court
Northern District of California

United States District Court
Northern District of California

**3.     Claims Asserted**

Counsel for plaintiff confirmed that she will not present Claim 3 (failure to make available service literature and replacement parts, Cal. Civil Code Section 1793.2(a)(3)) to the jury. Accordingly, Claim 3 of the complaint is dismissed with prejudice.

**4.     Jury instructions:** The Court received proposed jury instructions from the parties, in no particular order and reflecting many differences and disagreements of the parties.  No later than 12:00 noon on January 29, 2026, the parties shall file a joint set of jury instructions, as follows:  The proposed instructions shall be in the order that counsel wish them read to the jury.  Jointly agreed instructions shall be so marked.  Disputed instructions should be included in the order in which they would be read if given, and the objecting party's objection shall be noted at the bottom of the page of the instruction.  The Court will hold a jury instruction conference during the trial prior to closing argument to finalize the substantive instructions.

**5.     Trial exhibits:** At the pretrial conference, the parties agreed to revise both the Joint Exhibit List for trial (Dkt. No. 50); and plaintiff's listed objections (Dkt. 50, attachment 1) and defendant's listed objections (Dkt. 50, attachment 2).  No later than January 29, 2026, the parties shall file their revised lists, including only exhibits actually intended to be offered at trial.  Thereafter, on Friday, January 30, 2026 at 12:00 noon, the parties shall submit their trial exhibits, in binders with an index and numbered tabs separating and identifying each exhibit.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**6.     Timing and structure of trial:** At the pretrial conference, the parties agreed that the matter should be set for 3 days of evidentiary presentation.  Accordingly, the Court will set the matter for a 5 day trial, as follows: each side shall have up to 45 minutes to present opening statements; each side shall have 8 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

2

**7.    Trial schedule:**  Jury selection will begin on February 2, 2026 , at 9:00 a.m.  The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break around noon and a 15 minute break at 2:00 p.m., all times approximate.  The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays. The parties should be prepared to give opening statements on February 2, 2026, and should have a witness ready for examination that day.

**8.    Motions in limine:**  Plaintiffs filed 8 motions in limine and defendants filed 3 motions in limine.  After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

### Plaintiff's Motion No. 1 (excluding evidence of settlement discussions)

On February 12, 2025, after plaintiff filed her lawsuit, FCA extended to plaintiff a cash and keep settlement offer pursuant to Federal Rule of Civil Procedure 68, which included attorney's fees in an amount to be determined by the Court by motion at plaintiff's election.  Dkt. No. 65 at 3. Defendant states that "Through that offer, FCA offered to allow plaintiff to keep the Subject Vehicle for $15,000.00." *Id.*  It would have been plaintiff's responsibility to complete paying for the vehicle.

Plaintiff seeks to exclude evidence and argument related to these settlement discussions that occurred *after* plaintiff filed her lawsuit, arguing they are irrelevant and unduly prejudicial.  Dkt. No. 42 at 4-5.  Plaintiff cites to California Evidence Code 1152 for support, but as defendant points out, Federal Rule of Evidence ("FRE") 408 is the relevant rule of evidence governing the admissibility of compromise offers.  *See id.*; *see also* Dkt. No. 58 at 3.

Defendant states that the February 12, 2025 offer was a good faith effort to comply with the Song Beverly Act's obligations to promptly replace or buy back defective vehicles.  Dkt. No. 58 at 4.  Although FRE 408 generally bars admissions of offers of compromise to prove validity or amount of a claim, defendant argues that here FCA's Rule 68 offer is admissible for another purpose under FRE 408(b)'s exceptions.  *See id.* at 3-4.  Specifically, defendant argues that FCA's offers to resolve this case are relevant to the analysis of whether FCA "willfully" failed to comply with its obligations

United States District Court
Northern District of California

United States District Court
Northern District of California

under the Song-Beverly Act, since plaintiff is seeking a civil penalty under Cal. Civ. Code § 1794(c) based upon allegations that FCA's failure to repurchase the vehicle at issue was "willful." *Id.* at 2-3.  Defendant acknowledges that under Rule 68(b) an unaccepted offer is inadmissible but argues that the rule predates the Song Beverly Act and could not have anticipated the manufacturer's repurchase and replacement obligations set forth in the statute. *Id.* at 5.  Other district courts have held that settlement offers are admissible for the purpose of assessing whether civil penalties are warranted. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.,* 2019 WL 7171542, at *1 (C.D. Cal. Oct. 31, 2019) (denying motion in limine to exclude settlement offers); *see also Hatami v. Kia Motors Am., Inc.*, 2009 WL 1396358, at * 5 (C.D. Cal. Apr. 20, 2009) (buyback offer made after plaintiff commenced litigation relevant to willfulness for purpose of civil penalty); *Base v. FCA US LLC*, 2019 WL 1117532, at *12 (N.D. Cal. Mar. 11, 2019) (same).  FCA requests that, if the Court is inclined to grant plaintiff's motion, the Court hold a FRE 402 hearing outside the presence of jury to address further the admissibility regarding the parties' settlement negotiations in light of plaintiff's claim for civil penalties.

However, defendant's offer was not to "replace" or "repurchase" the vehicle, but rather to let plaintiff keep the vehicle for some cash.  All the cases defendant cites involve replace or repurchase offers for the total purchase price of the car, not cash and keep offers like this one. The language of the Song Beverly Act provision is clear that restitution is supposed to be an amount equal to the actual price paid by buyer, which may be reduced by the amount directly attributable to use by the buyer:

> If the manufacture or its representative in this state is unable to service or repair a new motor vehicle ... to conform to the applicable express warranties after a reasonable number of repair attempts, the manufacturer shall either promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B). However, the buyer shall be free to elect restitution in lieu of replacement, and in no event shall the buyer be required by the manufacturer to accept a replacement vehicle.
>
> (A) In the case of replacement, the manufacturer shall replace the buyer's vehicle with a new motor vehicle substantially identical to the vehicle replaced. The replacement vehicle shall be accompanied by all express and implied warranties that normally accompany new motor vehicles of that specific kind. The manufacturer also shall pay for, or to, the buyer the amount of any sales or use tax, license fees, registration fees, and other official fees for which the buyer is obligated to pay in connection with the replacement, plus any incidental damages to which the buyer is

4

United States District Court
Northern District of California

entitled under Section 1794, including but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer.

(B) **In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer**, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer installed items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer.

(C) ... When restitution is made pursuant to subparagraph (B), the amount to be paid by the manufacturer to the buyer **may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor**, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.

Cal. Civ. Code § 1793.2(d)(2)(A)-(C).

Thus, it is not clear that defendant's offer was in fact a "replacement or restitution" offer, so its relevance to defendant's willfulness is also not clear. Accordingly, plaintiff's motion is **GRANTED.**

**Plaintiff's Motion No. 2 (excluding evidence that defendant proposed arbitration as a solution)**

Plaintiff seeks to exclude any evidence that defendant offered to resolve this case through arbitration and plaintiff declined to participate as irrelevant and unduly prejudicial.[1] Dkt. No. 43 at 4-14. Defendant argues that FCA should be permitted to establish that FCA offers a third-party arbitration program and that plaintiff did not participate in the third-party arbitration program because FCA's maintenance of a third-party dispute resolution process negates plaintiff's claim for a civil penalty under Cal. Civ. Code § 1794 subdivision (e). Dkt. No. 59 at 2-3. Defendant argues that the motion improperly seeks to summary adjudication of one of FCA's potential defenses at trial. *Id.* at 3-4.

As plaintiff points out, defendant is not seeking civil penalties under subdivision (e), only subdivision (c) requiring plaintiff prove "willfulness." Dkt. No. 43 at 8-9. Plaintiff does not seek

---

[1] Plaintiff improperly relies on the California Evidence Code NOT the Federal Rules of Evidence in each of its motions in limine.

civil penalty under Cal. Civ. Code § 1794 subdivision (e), so existence of the arbitration program is irrelevant. *See, e.g., Gofnung v. BMW of N. Am., LLC*, at \*4 2023 WL 3254976 (C.D. Cal. May 4, 2023). The motion is **GRANTED.**

### Plaintiff's Motion No. 3 (precluding reference to attorney's fees)

Plaintiff seeks to exclude any reference to attorney's fees or the costs of this litigation as irrelevant and unduly prejudicial, arguing that the jury's sole role in this case is determining liability and damages, whereas the Court determines attorney's fees. Dkt. No. 44 at 3-5. The CACI 3964 jury instruction is directly on point and instructs the jury not to consider attorney's fees in their damage awards. *Id*. at 5; CACI 3964. Accordingly, this motion is **GRANTED.**

### Plaintiff's Motion No.4 (precluding references to plaintiff's financial condition)

Plaintiff seeks to exclude references to plaintiff's application for financing and financial condition as irrelevant and unduly prejudicial. Dkt. No. 45. Defendant does not oppose this motion. Dkt. No. 61. Accordingly, this motion is **GRANTED.**

### Plaintiff's Motion No. 5 (precluding references to attorney advertising)

Plaintiff seeks to exclude references to plaintiff's attorney's marketing and advertising practices as irrelevant and unduly prejudicial. Dkt. No. 46. Defendant does not oppose this motion. Dkt. No. 62. Accordingly, this motion is **GRANTED.**

### Plaintiff's Motion No. 6 (excluding evidence that timely revocation was required)

Plaintiff states that on August 15, 2024 plaintiff revoked acceptance of the Subject Vehicle by filing plaintiff's complaint. Dkt. No. 47 at 4. Defendant intends to argue this revocation was untimely. Dkt. No. 63 at 4.

This motion presents a question of law, not of evidence.[2] As the parties conceded at the

---

[2] Defendant argues that plaintiff's motion impermissibly seeks summary adjudication of one of FCA's potential defenses at trial. Dkt. No. 63 at 4-5.

United States District Court
Northern District of California

pretrial conference, there is an ongoing dispute in the Song-Beverly litigant community whether "timely" revocation of acceptance is in fact required. It would be required under the California Commercial Code (see sections 2602 and 2508), but there is some case law holding that the timely revocation requirements "do not apply to an action brought under the Song-Beverly Act." See *Mexia v. Rinker Boat Co.,* 174. Cal.App.4th 1297, 1307 (2009). *Mexia* involved latent defects, and several courts have since disagreed with its broader holding, finding that its analysis concerns only latent defects that render a product unmerchantable from the outset. S*ee Marchante v. Sony Corp. of Am.* 801 F.Supp.2d 1013, 102 (S.D. Cal. 2011); *Valencia v. Volkswagen Grp. of Am. Inc.* 119 F.Supp.3d 1130, 1140 (N.D. Cal. 2021) (collecting cases).

Based upon review of the case law and relevant CACI instructions, this Court finds that the Song Beverly Act supplements the California Commercial Code to provide more extensive consumer protections and, where there is a conflict between the two, the Song Beverly Act controls.[3] "Timely" revocation of acceptance is not a separate requirement under the Song Beverly Act. *See* Cal. Civ. Code §§1793.2(d), § 1794(b); *Gofnung v. BMW of N.Am. LLC*, 2023 WL 3254976, at *7 (C.D. Cal. May 4, 2023); *Fitzpatrick v. Ford Motor Co.*, 2024 WL 2331843 (C.D. Cal. Jan. 5, 2024). To this extent, the motion is **GRANTED.**

**Plaintiff's Motion No. 7 (finding statements made by defendant's dealership personnel admissible)**

Plaintiff seeks a blanket order that plaintiff's testimony as to unidentified statements by unidentified dealership employees be admissible against FCA as "party admissions," not excluded as hearsay. Dkt. No. 48 at 3-9. This motion is fatally vague. It is not clear what the testimony from plaintiff as to dealership employees' statements will be.

The motion is **DENIED** without prejudice. If plaintiff seeks to admit this evidence as non-

United States District Court
Northern District of California

---

[3] The statute of limitations for a Song Beverly Act warranty claim is generally four years from when the plaintiff first discovered or should have discovered a defect under Cal. U. Comm. Code § 2725. *See Mexia*, 174 Cal.App.4th at 1305; CACI 3222. Here, plaintiff purchased the Subject Vehicle in September 2021 and filed suit in August 2024, so there is no statute of limitations problem.

hearsay, plaintiff must first make a preliminary showing outside of the presence of the jury that the dealership employee is the defendant's agent. *See Gilfenbain v. Jaguar Land Rover North America, LLC*, 2022 WL 2232226, at *3 (C.D. Cal. Mar. 28, 2022); *Gray v. Mazda Motor of Am., Inc.* WL 10673335, at *4 (C.D. Cal. Feb. 6, 2009). The Court similarly denies without prejudice plaintiff's motion to admit unspecified statements of dealership employees allegedly impacting plaintiff's belief concerning the use, value, and safety of the Subject Vehicle. A preliminary showing shall be made outside the presence of the jury before such statements are offered.

**Plaintiff's Motion No. 8 (excluding evidence of defendant's Section 998 offer to compromise)**

This motion is essentially the same as plaintiff's Motion in Limine No. 1. The motion is **GRANTED.**

**Defendant's Motion No. 1 (excluding evidence of alleged defects not in the service history)**

Defendant seeks to exclude evidence of alleged defects to the Subject Vehicle that were not listed in the two repair orders she produced to FCA in discovery as irrelevant and unduly prejudicial. Dkt. No. 38 at 4-7. In plaintiff's deposition, she testified that there may have been "other issues" with the Subject Vehicle that she reported to FCA at the time of the 2021 service record, but that she could not be sure. Mattei Depo., p. 79:9-20.

This motion is **DENIED** without prejudice to specific objections to specific questions at trial.

**Defendant's Motion No. 2 (excluding evidence of recalls plaintiff did not experience)**

Defendant seeks to exclude evidence of various issues reported by *other* owners of *other* FCA vehicles, and particularly technical service bulletins ("TSBs") about defects plaintiff never experienced and other various third-party documents about recalls. Dkt. No. 39 at 2. Defendant argues that these references are irrelevant to the Subject Vehicle itself and unduly prejudicial

United States District Court
Northern District of California

8

because they will paint a picture in the jury's mind that plaintiff's vehicle must have been defective since other 2021 Jeep Grand Cherokees were. *Id.* at 2-7; *see Tovar v. FCA US LLC*, 2021 WL 346811, at \*4 (C.D. Cal. Apr. 23, 2021) (granting manufacturer's motion in limine to preclude evidence of recalls never performed on the plaintiff's vehicle).

Plaintiff argues that the motion is premature and that the TSBs or recalls that were not applied to the Subject Vehicle may still be relevant because they *should* have been applied to the subject vehicle. Dkt. No. 67 at 2-6. Moreover, plaintiff argues recalls on the make/model are relevant because they make it more likely than in the absence of the fact that the Subject Vehicle was defective. *Id.* at 5.

This motion is **DENIED** without prejudice. The Court cannot assess the admissibility of evidence not before it. Notwithstanding *Tovar*, it seems adequate that defendant can cross-examine witnesses about reference to recalls and that defendant can object to any truly irrelevant recall notices about different makes/models at trial. Defendant may raise this objection again at trial if plaintiff seeks to introduce such evidence and plaintiff should be prepared to make an offer of proof outside the presence of the jury that any technical bulletins sought to be admitted relate to the claimed defects in the Subject Vehicle. *See, e.g., Aleman v. Volvo Cars of N.Am., LLC*, 2020 WL 4742814, at \* 5 (C.D. Cal. Apr. 15, 2020).

### Defendant's Motion No. 3 (precluding plaintiff's experts from testifying due to lack of disclosure)

Defendant seeks to exclude all trial testimony of any experts offered by plaintiff as unduly prejudicial because plaintiff failed to disclose her experts and their anticipated testimony to FCA or offer any explanation for this failure. Dkt. No. 40 at 1-2. The Court's Pretrial Preparation Order required the parties to disclose their respective experts by October 3, 2025. Dkt. No. 17. Plaintiff did not do so, nor did she request from the Court any extension of time or delay in the requirement. Plaintiff's expert report was not provided to defendant until January 6, 2026. By that time, the bulk of the pretrial filings, including motions in limine, had already been filed and the pretrial conference was two weeks away.

United States District Court
Northern District of California

United States District Court
Northern District of California

Rule 26(a)(2) requires that the expert disclosure include a written report including (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authorized in the previous 10 years; (v) a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.  Under Rule 37(c)(1), a party who fails to identify a witness under Rule 26(a) is not allowed to use that witness to supply evidence at a trial, unless the failure is substantially justified or is harmless.  *See Merch v. Corizon Health, Inc.,* 993 F.3d 733, 740 (9th Cir. 2021). Plaintiff bears the burden of proving substantial justification or harmlessness. *Id.* at 1107.

At the pretrial conference, plaintiff's counsel stated that the reason for the failure was that his firm was very busy and had lost some of its lawyers, leaving the remaining lawyers very busy. The Court does not find this to be substantial justification of plaintiff's failure to produce an expert report, or even to notify the Court of the problem or seek recourse in advance.  The failure was not harmless – trial is to begin in a couple of weeks.

Accordingly, the motion is **GRANTED.**

**IT IS SO ORDERED**.

Dated: January 22, 2026

_____
SUSAN ILLSTON
United States District Judge