UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY A MATTEI,

              Plaintiff,

      v.

FCA US, LLC,

              Defendant.

Case No.  24-cv-09273-SI

**FINAL JURY INSTRUCTIONS**

United States District Court
Northern District of California

**Jury Instruction Number 1**
**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Jury Instruction Number 2**
**Corporations And Partnerships- Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Jury Instruction Number 3**
**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

2

United States District Court
Northern District of California

**Jury Instruction Number 4**
**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**Jury Instruction Number 5**
**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain

3

evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Jury Instruction Number 6
### Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### Jury Instruction Number 7
### Direct And Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Jury Instruction Number 8
### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may

United States District Court
Northern District of California

4

object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Jury Instruction Number 9**
**Credibility Of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and,

(7) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other

testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

### Jury Instruction Number 10
### Taking Notes

Some of you may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

### Jury Instruction Number 11

### Party Having Power to Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

### Jury Instruction Number 12

### Failure to Explain or Deny Evidence

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to

6

explain or deny in evaluating that evidence.  It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

### Jury Instruction Number 13
### Expert Opinion

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

## Claim 1:  Failure to Repurchase or Replace

### Jury Instruction Number 14
### Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities – Essential Factual Element

KIMBERLY MATTEI claims that FCA US, LLC failed to promptly repurchase or replace a 2021 JEEP GRAND CHEROKEE after a reasonable number of repair opportunities. To establish this claim, KIMBERLY MATTEI must prove all of the following by a preponderance of the evidence:

1. That KIMBERLY MATTEI purchased a 2021 JEEP GRAND CHEROKEE distributed by FCA US, LLC;

2. That FCA US, LLC gave KIMBERLY MATTEI a written warranty;

3. That the vehicle had a defect that was covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in KIMBERLY MATTEI's situation;

4. That Plaintiff delivered the vehicle to FCA US, LLC or its authorized repair facility for repair of the defect;

5. That FCA US, LLC or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That FCA US, LLC did not promptly replace or buy back the vehicle.

It is not necessary for Plaintiff to prove the cause of a defect in the 2021 JEEP GRAND CHEROKEE.

A written warranty need not include the words "warranty" or "guarantee," but if those words are used, a warranty is created. It is also not necessary for FCA US, LLC to have specifically intended to create a warranty.

### Jury Instruction Number 15
### "Repair Opportunities" Explained

Each time the 2021 JEEP GRAND CHEROKEE was given to FCA US, LLC

8

or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether FCA US, LLC had a reasonable number of opportunities to fix the 2021 JEEP GRAND CHEROKEE, you should consider all the circumstances surrounding each repair visit. FCA US, LLC or its authorized repair facility must have been given at least two opportunities to fix the 2021 JEEP GRAND CHEROKEE.

## Jury Instruction Number 16
## "Substantially Impaired" Explained

In deciding whether a reasonable person would believe that the vehicle's defects, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a) The nature of the defect;

(b) The cost and length of time required for repair;

(c) Whether past repair attempts have been successful;

(d) The degree to which the vehicle could be used while awaiting repair; and

(e) The availability and cost of comparable transportation during the repairs.

**Claim 2:  Failure to Begin Repairs Within Reasonable Time**

## Jury Instruction Number 17

**Failure to Begin Repairs Within Reasonable Time or
To Complete Repairs Within 30 Days – Essential Factual Elements**

KIMBERLY MATTEI claims that she was harmed because FCA US, LLC failed to begin repairs on the 2021 JEEP GRAND CHEROKEE in a reasonable time or repair the vehicle within 30 days. To establish this claim, KIMBERLY MATTEI must prove all of the following by a preponderance of the evidence:

1.    That KIMBERLY MATTEI purchased a 2021 JEEP GRAND CHEROKEE distributed by and/or manufactured by FCA US, LLC;

9

2.    That FCA US, LLC gave KIMBERLY MATTEI a written warranty that in the event a defect developed with the vehicle during the warranty period, KIMBERLY MATTEI could deliver the vehicle for repair services to FCA US, LLC's representative;

3.    That the 2021 JEEP GRAND CHEROKEE had defects that were covered by the warranty; and

4.    That FCA US, LLC or its authorized repair facility failed to begin repairs within a reasonable time or complete repairs within 30 days so as to conform to the applicable warranties.

**Claim 3:  Breach of Implied Warranty of Merchantability**

**Jury Instruction Number 18**

**Breach of Implied Warranty of Merchantability- Essential Factual Elements**

KIMBERLY MATTEI claims that the 2021 JEEP GRAND CHEROKEE did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty." To establish this claim, KIMBERLY MATTEI must prove all of the following by a preponderance of the evidence:

1. That KIMBERLY MATTEI purchased a 2021 JEEP GRAND CHEROKEE distributed by FCA US, LLC;

2. That at the time of purchase FCA US, LLC was in the business of distributing 2021 JEEP GRAND CHEROKEE s for sale to retail buyers; and

United States District Court
Northern District of California

10

United States District Court
Northern District of California

3. That the 2021 JEEP GRAND CHEROKEE was not of the same quality as those generally acceptable in the trade or was not fit for the ordinary purposes for which the goods are used.

4. That KIMBERLY MATTEI was harmed; and

5. That FCA US, LLC's breach of the implied warranty was a substantial factor in causing KIMBERLY MATTEI's harm.

## Jury Instruction Number 19
### Duration of Implied Warranty

An implied warranty is in effect for three months after the purchase of the 2021 JEEP GRAND CHEROKEE, unless a shorter period is stated in a writing that comes with the 2021 JEEP GRAND CHEROKEE, provided that the shorter period is reasonable. In no event will an implied warranty be in effect for less than 60 days.

The time period of an implied warranty is lengthened by the number of days that the 2021 JEEP GRAND CHEROKEE was made available by KIMBERLY MATTEI for repairs under the warranty, including any delays caused by circumstances beyond KIMBERLY MATTEI's control.

## Jury Instruction Number 20
### Continued Reasonable Use Permitted

The fact that KIMBERLY MATTEI continued to use the 2021 JEEP GRAND CHEROKEE after delivering it for repair does not waive her right to demand replacement or reimbursement. Nor does it reduce the amount of damages that you should award to KIMBERLY MATTEI if you find that she has proved her claim against FCA US, LLC.

United States District Court
Northern District of California

## Jury Instruction Number 21

### Continuation of Express or Implied Warranty During Repairs

Regardless of what the warranty says, if a defect exists within the warranty period and the 2021 JEEP GRAND CHEROKEE has been returned for repairs, the warranty will not expire until the defect has been fixed. KIMBERLY MATTEI must have notified FCA US, LLC of the failure of the repairs within 60 days after they were completed. The warranty period will also be extended for the amount of time that the warranty repairs have not been performed because of delays caused by circumstances beyond the control of KIMBERLY MATTEI.

## Jury Instruction Number 22

### Affirmative Defense – Unauthorized or Unreasonable Use

FCA US, LLC is not responsible for any harm to KIMBERLY MATTEI if FCA US, LLC proves, by a preponderance of the evidence, that the failure to match the written warranty was caused by unauthorized or unreasonable use of the 2021 JEEP GRAND CHEROKEE after it was sold.

**Damages**

### Jury Instruction Number 23

### Restitution from Manufacturer -- New Motor Vehicle

If you decide that FCA US, LLC or its authorized repair facility failed to repair the defect(s) after a reasonable number of opportunities, then KIMBERLY MATTEI is entitled to recover the amounts she proves, by a preponderance of the evidence, that she paid for the car, including:

1. The amount paid to date for the vehicle, including finance charges and any amount still owed by KIMBERLY MATTEI;

2. Charges for transportation and manufacturer-installed options; and

3. Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than FCA US, LLC.

KIMBERLY MATTEI's recovery must be reduced by the value of the use of the vehicle before it was brought in for repair. FCA US, LLC must prove, by a preponderance of the evidence,  how many miles the vehicle was driven between the time when KIMBERLY MATTEI took possession of the vehicle and the time when KIMBERLY MATTEI first delivered it to FCA US, LLC or its authorized repair facility to fix the defect.

Multiply this mileage number by the purchase price, including any charges for transportation and manufacturer-installed options, and divide that amount by 120,000. Deduct the resulting amount from KIMBERLY MATTEI's recovery.

### Jury Instruction Number 24

### Civil Penalty --Willful Violation

KIMBERLY MATTEI claims that FCA US, LLC's failure to repurchase or replace the 2021 JEEP GRAND CHEROKEE after a reasonable number of repair

opportunities was willful and therefore asks that you impose a civil penalty against FCA US, LLC. A civil penalty is an award of money in addition to a plaintiff's damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If KIMBERLY MATTEI has proved, by a preponderance of the evidence, that FCA US, LLC's failure was willful, you may impose a civil penalty against it. The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of KIMBERLY MATTEI's actual damages.

"Willful" means that FCA US, LLC knew of its legal obligations and intentionally declined to follow them. However, a violation is not willful if you find that FCA US, LLC believed reasonably and in good faith that the facts did not require an obligation to repurchase the vehicle.

United States District Court
Northern District of California

**Jury Instruction Number 25**

**Duty To Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Jury Instruction Number 26**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or

application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence hat has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an

16

impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## Jury Instruction Number 27
### Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

United States District Court
Northern District of California

17

## Jury Instruction Number 28
### Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**IT IS SO ORDERED**.

Dated:

_____

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California